UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA PARRILLA,

    Plaintiff,

v.                                CASE NO.:

QUALITY DINING, INC. d/b/a
BURGER KING,
A Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA PARRILLA (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant QUALITY DINING, INC. d/b/a BURGER KING. (hereinafter "Defendant"), and states the following:

### NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), and The Florida Constitution, Article X, § 24. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal

amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendant in or around September 2021.

3. Plaintiff was hired to be an Assistant Manager with Defendant.

4. Defendant owns, controls, and operates restaurants in the state of Florida, including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over these federal claims are found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Tampa, Florida.

8. Defendant conducts business in Tampa, Florida.

9. Plaintiff was employed with Defendant in Tampa, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law that raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in Tampa because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff was a pregnant female at the time of her employment with Defendant.

15. Plaintiff suffered discrimination based on her gender/pregnancy.

16. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

17. Plaintiff was qualified for her position of employment as an Assistant Manager.

18. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 7, 2022.

21. The EEOC issued a Notice of Right to Sue on January 19, 2023.

22. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

23. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

24. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

25. Plaintiff began her employment with Defendant in September 2021.

26. Plaintiff was a pregnant female at the time of her employment with Defendant.

27. Plaintiff was subjected to gender/pregnancy discrimination by Defendant.

28. Plaintiff was seven months pregnant at the time of her orientation and was visibly showing.

29. Orientation was 2 days long and it was Plaintiff's understanding that she would actually begin working on the third day.

30. Following Plaintiff's orientation, she was not placed on the schedule at all by the store manager "Jovante" (last name unknown).

31. Plaintiff made numerous attempts to reach the store manager but was never successful in speaking with him.

32. Plaintiff reached out to a manager named "Andre" (last name unknown) who was Jovante's boss.

33. Andre was very rude to Plaintiff and told her to stop contacting him.

34. Plaintiff never began working following her orientation and was not paid for the time she spent in orientation.

35. Defendant terminated her employment.

36. Plaintiff's rate of pay was $10/hour and she was going to be working on a part time basis for roughly 20 hours per week.

37. Plaintiff was not paid for the time she worked during the orientation process with Defendant.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

38. Plaintiff realleges and adopts allegations contained in paragraphs 1-5, and 7-10, and 12-35 as though fully stated herein.

39. Plaintiff is a member of a protected class because she was a pregnant female.

40. At all material times, Plaintiff was qualified to perform her job duties.

41. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender/pregnancy.

42. Defendant did not subject the male employees to discriminatory treatment.

43. Plaintiff suffered an adverse employment action when she was terminated.

44. The discrimination to which Plaintiff was subjected was based on her gender/pregnancy.

45. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

46. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an

award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

49. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h.  any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

50. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-35 as though fully stated herein.

51. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

52. Defendant discriminated against Plaintiff based on her gender/pregnancy.

53. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

54. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

55. At all material times, Plaintiff was qualified to perform her job duties.

56. Defendant discriminated against Plaintiff because of her gender/pregnancy.

57. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

58. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate

result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24
## (Minimum Wage)

59. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-9. 12-13, 24-25, and 33-37 as if fully incorporated herein.

60. Plaintiff is entitled to be paid the full minimum wage for each hour worked during employment with Defendants.

61. Defendants willfully failed to pay Plaintiff the full minimum wage for one or more days of work contrary to Article X, Section 24 of the Florida Constitution.

62. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more days of work during her employ with Defendants.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __27th__ day of February, 2023.

> Respectfully submitted,
> s/ Edward W. Wimp
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Email: ewimp@theleachfirm.com
>
> Anthony Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff